**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| PAID, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| EBAY INC. | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff PAID, Inc., f/k/a "Auction, Inc." and "Sales Online Direct" ("Plaintiff" or

"Paid"), by and through its undersigned counsel, hereby files this Complaint for Patent

Infringement against Defendant eBay Inc. ("Defendant" or "eBay"), as set forth below.

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the

United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin further infringing acts and obtain damages

resulting from Defendant's infringement of one or more claims of United States Patent No.

8,352,357 ("the '357 Patent"), United States Patent No. 7,930,237  ("the '237 Patent"), and

United States Patent No. 8,521,642 ("the '642 Patent"), all entitled "Method and System for

Improved Online Auction" (collectively, the "patents-in-suit").

2.      This action for patent infringement involves eBay's manufacture, use, sale, offer

for sale, lease, offer for lease, and/or importation, directly and indirectly, into the United States

of infringing products, components, software, methods, processes, services, and systems that are

primarily used or primarily adapted for use in online auctions and other sales of goods and

1

services online.  eBay's acts constitute direct, contributory and/or induced infringement of the '357 Patent, the '237 Patent and the '642 Patent.

3.    Plaintiff has been irreparably harmed by Defendant's direct and indirect infringement of its valuable patent rights.  Moreover, Defendant's unauthorized, infringing use of Plaintiff's patented methods and systems has threatened the value of Plaintiff's intellectual property because Defendant's conduct results in loss of Plaintiff's lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing, directly and indirectly, the patented methods and systems.

## **PARTIES**

4.    Paid is a Massachusetts corporation with a principal place of business at 200 Friberg Parkway, Suite 4004, Westborough MA 01581.

5.    Paid, by assignment, owns and controls all right, title, and interest in and to the '357 Patent, the '237 Patent and the '642 Patent, including the right to recover damages for past and future infringement.

6.    eBay is a Delaware corporation with a principal place of business at  2145 Hamilton Avenue, San Jose, California, 95125.

7.    eBay purports to be the world's leading ecommerce company, enabling hundreds of millions of people to buy and sell goods and services and to pay online for such goods and services.  As such, it is in the business of developing, manufacturing, marketing, importing, distributing, leasing, selling and/or otherwise using, directly and indirectly, software and systems designed to enable consumers to buy and sell goods and services online, including through online auctions and other listings of items for sale.  These listings include the use of a shipping

calculator that allows buyers and sellers to determine the amount of shipping and other charges

for the good or service listed for sale, both before and after the transaction is complete.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this patent infringement

action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  eBay is subject to personal jurisdiction in the

Commonwealth of Massachusetts because eBay does business throughout the United States, and

indeed throughout the world, including in this judicial district.  Moreover, eBay has infringed,

directly and/or indirectly, one or more claims of the '357 Patent, the '237 Patent and the '642

Patent in this judicial district.

9.      eBay makes, uses, sells, advertises, offers to sell, leases, offers to lease and/or

imports into the United States goods and services for subsequent sale, lease or use by consumers,

using eBay's systems for ecommerce that enables consumers within this judicial district (and

elsewhere) to access eBay's online platform to buy and sell such goods and services.

10.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and

1400(b), for at least the reasons that eBay transacts business within this district, and that eBay

has committed acts within this judicial district giving rise to this action, including by offering its

online platform, which includes infringing methods and systems, for access and use by

consumers within this judicial district.

## BACKGROUND

11.      Paid (through its predecessors) was an early entrant into the field of online

auctions.  Through the late 1990s, Paid conducted a variety of online auctions, including

specialty auctions for sports memorabilia  From 1999 through 2000, Paid expanded its operations

to include online auctions using eBay's online platform.

12.     By that time, eBay had become the dominant online auction platform in the market.  Its website offered a platform connecting buyers and sellers at different locations for a wide array of goods and services.

13.     In the late 1990s and early 2000s, shipping was a significant concern for eBay because shipping costs and shipping arrangements created significant delays and additional expense for eBay's customers.  eBay's platform had no automated shipping calculators, leaving it to individual buyers and sellers to determine shipping costs and other "incidental" charges associated with a transaction.  These shipping concerns were among the most common complaints by eBay's customers.

14.     During 2000 and 2001, Paid began work that led to its invention of an automated, online shipping calculator for online auction platforms and other online marketplaces.  By the end of 2001, Paid was able to use an early version of its online shipping calculator through embedded forms in online auction listings.  Paid filed for a patent on its online shipping calculator on March 25, 2002.  This application is the "parent" application of the three patents-in-suit, each of which is accorded a priority date of March 25, 2002.

15.     In late 2001, Paid discussed its novel automatic shipping calculator with eBay, which had expressed interest in possibly licensing the technology or entering into another relationship with Paid to utilize Paid's technology on eBay's platform.  eBay's representative told Paid that a checkout function including an automated shipping calculator was a high priority for eBay.  Thus, in or about December 2001, Paid demonstrated its online shipping calculator for eBay personnel, with follow-up in early 2002.

16.     By mid-2002, Paid began offering its online shipping calculator in connection with its own auctions on eBay's website, and subsequently offered the technology for use by other merchants and online sellers, including sellers on eBay's platform.

17.     eBay declined to license Paid's shipping calculator technology.  Nevertheless, in approximately June, 2003, eBay introduced its own automated, online shipping calculator that bore striking similarities to the one Paid had demonstrated to eBay over a year earlier.

18.     Also in 2003, PayPal, now an affiliate of eBay, filed its own patent application for an online shipping calculator.  PayPal's application claims, however, were rejected as unpatentable in view of Paid's earlier patent application.

19.     eBay has had actual knowledge of Paid's online shipping calculator since at least 2001 when Paid discussed its online shipping calculator with eBay.  eBay also has had actual knowledge of Paid's patent application, at least since PayPal's application claims were rejected over Paid's patent application.  Moreover, eBay has had at least constructive notice of the '237 Patent, the '357 Patent and the '642 Patent since they issued on April 19, 2011, January 8, 2013, and August 27, 2013, respectively.

## COUNT I

### Infringement of United States Patent No. 8,352,357

20.     The allegations contained in paragraphs 1-19 above are incorporated by reference as if fully set forth below.

21.     The '357 Patent duly and lawfully issued on January 8, 2013.  A true and correct copy of the '357 Patent is attached hereto as Exhibit A.  The '357 Patent claims, among other things, systems and methods that enable online buyers and sellers to determine shipping rates and costs associated with one or more items listed for sale.

5

22.     eBay makes, has made, uses, has used, sells, offers to sell, licenses, leases, offers

to lease, imports into the United States, distributes, and/or otherwise provides software and

systems through its online platform that enable consumers to buy and sell goods and services

online, including through auctions and other listings of items for sale.

23.     The online listings of items for sale on eBay's online platform include the use of

a shipping calculator, which allows buyers and sellers to accurately and reliably determine

shipping rates and other charges associated with the item listed for sale.  eBay directly infringes

one or more claims of the '357 Patent under 35 U.S.C. § 271(a) by providing an online platform

with an automated shipping calculator that practices or performs every step of at least one

method claimed by the '357 Patent and/or that includes every component of at least one system

claimed by the '357 Patent.

24.     To the extent eBay relies on vendors to perform any of the steps of the claimed

methods, or to contribute any of the components of the claimed systems, eBay directs or controls

those actions and would therefore directly infringe one or more claims of the '357 Patent under

35 U.S.C. § 271(a).

25.     To the extent eBay relies on vendors and/or customers to perform any of the

steps of the claimed methods, or to contribute any of the components of the claimed systems,

eBay induces such performance and/or contribution on the part of its vendors and/or customers

knowing that such actions will infringe one or more claims of the '357 Patent.  eBay is therefore

also liable as an indirect infringer under 35 U.S.C. § 271(b).

26.     On information and belief, by virtue of eBay's prior discussions with Paid about

Paid's automated online shipping calculator, and its knowledge of Paid's original patent

application, eBay knew or should have known that its software, systems and online platform,

including the shipping calculator, would directly or indirectly infringe one or more claims of the '357 Patent.

27.     eBay has induced, and continues to induce, infringement of one or more claims of the '357 Patent by actively and knowingly aiding and abetting a direct infringement of one or more claims of the '357 Patent, in violation of 35 U.S.C. § 271(b), and will continue to do so unless enjoined by this Court.

28.     eBay has infringed, and will continue to infringe, one or more claims of the '357 Patent through the aforesaid acts unless enjoined by this Court.  eBay's wrongful conduct has caused Paid to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, leasing, offering to lease, and importing, directly and indirectly, the software, systems and components covered by one or more claims of the '357 Patent.  After eBay launched, and then integrated, its own infringing version of Paid's automated online shipping calculator into eBay's online platform, eBay substantially inhibited – and continues to inhibit – Paid from fully using and marketing its invention claimed in the '357 Patent.

29.     Paid is entitled to a permanent injunction and to recover damages adequate to compensate it for eBay's infringement of the '357 Patent.

## COUNT II

### Infringement of United States Patent No. 7,930,237

30.     The allegations contained in paragraphs 1-29 above are incorporated by reference as if fully set forth below.

31.     The '237 Patent duly and lawfully issued on April 19, 2011.  A true and correct copy of the '237 Patent is attached hereto as Exhibit B.  The '237 Patent claims, among other

things, systems and methods that enable online buyers and sellers to determine shipping rates associated with one or more items listed for sale.

32.     eBay makes, has made, uses, has used, sells, offers to sell, licenses, leases, offers to lease, imports into the United States, distributes, and/or otherwise provides software and systems through its online platform that enable consumers to buy and sell goods and services online, including through auctions and other listings of items for sale.

33.     The online listings of items for sale on eBay's online platform include the use of a shipping calculator, which allows buyers and sellers to accurately and reliably determine shipping rates and other charges associated with the item listed for sale.  eBay directly infringes one or more claims of the '237 Patent under 35 U.S.C. § 271(a) by providing an online platform with an automated shipping calculator that practices or performs every step of at least one method claimed by the '237 Patent.

34.     To the extent eBay relies on vendors to perform any of the steps of the claimed methods of the '237 Patent, eBay directs or controls those actions and would therefore directly infringe one or more claims of the '237 Patent under 35 U.S.C. § 271(a).

35.     To the extent eBay relies on vendors and/or customers to perform any of the steps of the claimed methods, eBay induces such performance and/or contribution on the part of its customers knowing that such actions will infringe one or more claims of the '237 Patent. eBay is therefore also liable as an indirect infringer under 35 U.S.C. § 271(b).

36.     On information and belief, by virtue of eBay's prior discussions with Paid about Paid's automated online shipping calculator, and its knowledge of Paid's original patent application, eBay knew or should have known that its software, systems and online platform,

including the shipping calculator, would directly or indirectly infringe one or more claims of the '237 Patent.

37.     eBay has induced, and continues to induce, infringement of one or more claims of the '237 Patent by actively and knowingly aiding and abetting a direct infringement of one or more claims of the '237 Patent, in violation of 35 U.S.C. § 271(b), and will continue to do so unless enjoined by this Court.

38.     eBay has infringed, and will continue to infringe, one or more claims of the '237 Patent through the aforesaid acts unless enjoined by this Court.  eBay's wrongful conduct has caused Paid to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, leasing, offering to lease, and importing, directly and indirectly, the software, systems and components covered by one or more claims of the '237 Patent.  After eBay launched, and then integrated, its own infringing version of Paid's automated online shipping calculator into eBay's online platform, eBay substantially inhibited – and continues to inhibit – Paid from using and marketing its invention claimed in the '237 Patent.

39.     Paid is entitled to a permanent injunction and to recover damages adequate to compensate it for eBay's infringement of the '237 Patent.

## COUNT III

### Infringement of United States Patent No. 8,521,642

40.     The allegations contained in paragraphs 1-39 above are incorporated by reference as if fully set forth below.

41.     The '642 Patent duly and lawfully issued on August 27, 2013.  A true and correct copy of the '642 Patent is attached hereto as Exhibit C.  The '642 Patent claims, among other

things, systems and methods that enable online buyers and sellers to determine shipping rates and costs associated with one or more items listed for sale.

42.     eBay makes, has made, uses, has used, sells, offers to sell, licenses, leases, offers to lease, imports into the United States, distributes, and/or otherwise provides software and systems through its online platform that enable consumers to buy and sell goods and services online, including through auctions and other listings of items for sale.

43.     The online listings of items for sale on eBay's online platform include the use of a shipping calculator, which allows buyers and sellers to accurately and reliably determine shipping rates and other charges associated with the item listed for sale.  eBay directly infringes one or more claims of the '642 Patent under 35 U.S.C. § 271(a) by providing an online platform with an automated shipping calculator that practices or performs every step of at least one method claimed in the '642 Patent and/or that includes every component of at least one system claimed in the '642 Patent.

44.     To the extent eBay relies on vendors to perform any of the steps of the claimed methods, or to contribute any of the components of the claimed systems, eBay directs or controls those actions and would therefore directly infringe one or more claims of the '642 Patent under 35 U.S.C. § 271(a).

45.     To the extent eBay relies on vendors and/or customers to perform any of the steps of the claimed methods, or to contribute any of the components of the claimed systems, eBay induces such performance and/or contribution on the part of its customers knowing that such actions will infringe one or more claims of the '642 Patent.  eBay is therefore also liable as an indirect infringer under 35 U.S.C. § 271(b).

46.     On information and belief, by virtue of its prior discussions with Paid about Paid's automated online shipping calculator, and its knowledge of Paid's original patent application, eBay knew or should have known that its software, systems and online platform, including the shipping calculator, would directly or indirectly infringe one or more claims of the '642 Patent.

47.     eBay has induced, and continues to induce, infringement of one or more claims of the '642 Patent by actively and knowingly aiding and abetting a direct infringement of one or more claims of the '642 Patent, in violation of 35 U.S.C. § 271(b), and will continue to do so unless enjoined by this Court.

48.     eBay has infringed, and will continue to infringe, one or more claims of the '642 Patent through the aforesaid acts unless enjoined by this Court.  eBay's wrongful conduct has caused Paid to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell, leasing, offering to lease, and importing, directly and indirectly, the software, systems and components covered by one or more claims of the '642 Patent.  After eBay launched, and then integrated, its own infringing version of Paid's automated online shipping calculator into eBay's online platform, eBay substantially inhibited – and continues to inhibit – Paid from fully using and marketing its invention claimed in the '642 Patent.

49.     Paid is entitled to a permanent injunction and to recover damages adequate to compensate it for eBay's infringement of the '642 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant eBay, granting Plaintiff

Paid the following relief:

A.  That this Court adjudge and decree that the '357 Patent is valid and enforceable against Defendant;

B.  That this Court adjudge and decree that the '237 Patent is valid and enforceable against Defendant;

C.  That this Court adjudge and decree that the '642 Patent is valid and enforceable against Defendant;

D.  That this Court adjudge and decree that Defendant has infringed and continues to infringe the '357 Patent;

E.  That this Court adjudge and decree that Defendant has infringed and continues to infringe the '237 Patent;

F.  That this Court adjudge and decree that Defendant has infringed and continues to infringe the '642 Patent;

G.  That Plaintiff is entitled to a permanent injunction and to recover damages adequate to compensate for the infringement of the '357 Patent;

H.  That Plaintiff is entitled to a permanent injunction and to recover damages adequate to compensate for the infringement of the '237 Patent;

I.  That Plaintiff is entitled to a permanent injunction and to recover damages adequate to compensate for the infringement of the '642 Patent;

J.  That this Court order an accounting of all damages sustained by Plaintiff as the result of the acts of infringement by Defendant;

K.  That this Court enter an award to Plaintiff of such damages as it shall prove at
trial against Defendant that are adequate to compensate Plaintiff for said
infringement, said damages to be no less than a reasonable royalty together with
prejudgment interest and costs;

L.  That this Court render a finding that this case is "exceptional" and award to
Plaintiff its costs and reasonable attorneys' fees, as provided by 35 U.S.C. § 285;
and

M.  Grant to Plaintiff such other, further, and different relief as may be just and
proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury
pursuant to FED. R. CIV. P. 38.

Respectfully submitted,

Dated:  December 20, 2013

   /s/ Leonard Charles Suchyta
Leonard Charles Suchyta
Massachusetts Bar No. 547798
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue NW
Washington, DC 21500
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
lsuchyta@hunton.com

**OF COUNSEL**:
Gregory N. Stillman*
Virginia Bar No. 14308
HUNTON & WILLIAMS, LLP
500 East Main, Suite 1000
Norfolk, Virginia 23510-3889
Telephone: (757) 640-5300
Facsimile: (757) 625-7720
gstillman@hunton.com

Bradley W. Grout*
Georgia Bar No. 313950
David A. Kelly*
Georgia Bar No. 498949
James D. Humphries, IV*
Georgia Bar No. 540211
HUNTON & WILLIAMS, LLP
600 Peachtree Street, N.E., Ste. 4100
Atlanta, Georgia 30308-2216
Telephone: (404) 888-4000
Facsimile: (404) 888-4190
bgrout@hunton.com
dkelly@hunton.com
jhumphries@hunton.com

Michael A. O'Shea*
D.C. Bar No. 459830
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue NW
Washington, DC 21500
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
moshea@hunton.com

*Admission pro hac vice to be sought