**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETS**
**CENTRAL DIVISION**

| | |
|---|---|
| PAID, INC., <br><br> Plaintiff <br><br> v. <br><br> EBAY INC., <br><br> Defendant. | Civil Action No. 4:13-cv-40151 |

**MEMORANDUM IN SUPPORT OF DEFENDANT EBAY INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................ 1

III. LEGAL STANDARDS .................................................................................................. 3

IV. ARGUMENT .................................................................................................................. 5

    A. The Complaint Fails to State a Claim for Indirect Infringement ........ 5

        1. The Complaint Fails to State a Claim for Inducement ............. 5

            a. Paid Has Failed to Plead Any Facts Showing that One or More Third Parties, Alone or in Concert with eBay, Have Infringed Any Asserted Claim of the Patents-in-Suit ...................................................................................... 7

            b. Paid Has Failed to Plead Any Facts Showing That eBay Was Aware of the Patents-in-Suit .................................. 7

            c. Paid Has Failed to Plead Any Facts Showing that eBay Intended to Induce Infringement .................................... 9

        2. The Complaint Fails to State a Claim for Contributory Infringement .............................................................................. 10

    B. The Complaint's Willfulness Allegations Should Be Dismissed ......... 11

V. CONCLUSION ............................................................................................................. 13

# **TABLE OF AUTHORITIES**

**CASES**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   692 F.3d 1301 (Fed. Cir. 2012) ................................................................................................8

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
   365 U.S. 336 (1961) ................................................................................................................10

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
   377 U.S. 476 (1964) ................................................................................................................10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................................ passim

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................................ passim

*Global–Tech Appliances, Inc. v. SEB S.A.*,
   ––– U.S. ––––, 131 S. Ct. 2060 (2011) ...............................................................................8, 10

*In re Seagate Tech., LLC*,
   497 F.3d 1360 (Fed. Cir. 2007) (*en banc*) .........................................................................14, 15

*Joy Techs, Inc. v. Flakt, Inc.*,
   6 F.3d 770 (Fed. Cir. 1993) ....................................................................................................10

*Massachusetts Inst. of Tech. v. Shire PLC*,
   No. 1:13-cv-10020-MLW, 2014 WL 404696 (D. Mass. Feb. 2, 2014) ...............................9, 12

*McRee v. Goldman*,
   No. 11-cv-00991-LHK, 2012 WL 3745190 (N.D. Cal. Aug. 28, 2012) .................................11

*Mitutoyo Corp. v. Central Purchasing, LLC*,
   499 F.3d 1284 (Fed. Cir. 2007) ..............................................................................................15

*Nat'l Cas. Co. v. OneBeacon Am. Ins. Co.*,
   No. 12-11874-DJC, 2013 WL 3335022 (D. Mass. July 1, 2013) .............................................4

*Oy Ajat, Ltd. v. Vatech Am., Inc.*,
   10-4875 (PGS), 2011 WL 1458052 (D.N.J. Apr. 14, 2011) ...................................................11

*Ricoh Co. Ltd. v. Quanta Computer Inc.*,
   550 F.3d 1325 (Fed. Cir. 2008) ..............................................................................................14

*Schatz v. Republican State Leadership Comm.*,
   669 F.3d 50 (1st Cir. 2012) .......................................................................................7, 8, 9, 13

*Select Retrieval, LLC, v. Bulbs.com Inc.*,
    No. 12–10389–TSH, 2012 WL 6045942 (D. Mass. Dec. 4, 2013) (Hillman, J.) ............7, 9, 15

*State Indus., Inc. v. A.O. Smith Corp.*,
    751 F.2d 1226 (Fed. Cir. 1985)..................................................................................................15

*Tingley Sys., Inc. v. CSC Consulting, Inc.*,
    152 F. Supp. 2d 95 (D. Mass. 2001) .........................................................................................4

*Vasudevan Software, Inc. v. TIBCO Software Inc.*,
    No. C 11-06638 RS, 2012 WL 1831543 (N.D. Cal. May 18, 2012) .......................................11

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009)..................................................................................................8

I.   **INTRODUCTION**

Defendant eBay Inc. ("eBay") hereby moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff PAID, Inc.'s ("Paid") claim for indirect infringement, and, to the extent Paid is deemed to have pled it, Paid's claim for willful infringement.[1]

Paid has sued eBay for infringement of three patents. Yet, Paid's Complaint fails to satisfy the most rudimentary function of the pleading: it does not provide any notice to eBay as to the gravamen of its accusations. Paid accuses eBay of indirect infringement, but provides no information as to the identity of a direct infringer or any such person's allegedly infringing conduct. Nor does the Complaint specify any actions taken by eBay that have induced or contributed to an act of direct infringement. Further, there is no actual allegation that eBay knew of the asserted patents, a foundational requirement of both indirect and willful infringement. Put another way, if eBay were to assume *arguendo* that Paid's claims had merit, *eBay cannot tell from Paid's Complaint what it would need to do (or not do) to avoid Paid's accusations*. Taken together, this is precisely the type of poor pleading the Supreme Court has said is impermissible, *see, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and precisely why Paid's indirect infringement and willfulness claims should be dismissed.

II.   **BACKGROUND**

On December 20, 2013, Paid filed this patent infringement case against eBay, alleging infringement of three patents. (Dkt. No. 1.) eBay is a California-based company that, among

---

[1] A motion to dismiss that only addresses part of a complaint suspends the time for eBay to answer or otherwise respond to the remaining allegations in the Complaint. *See Nat'l Cas. Co. v. OneBeacon Am. Ins. Co.*, No. 12-11874-DJC, 2013 WL 3335022, at *6 (D. Mass. July 1, 2013) ("[A] partial motion to dismiss suspends the time to answer the claims not subject to the motion.") (internal citations omitted); *Tingley Sys., Inc. v. CSC Consulting, Inc.*, 152 F. Supp. 2d 95, 122 (D. Mass. 2001) (holding the same).

myriad other activities, provides one of the world's largest Internet marketplaces. Paid itself recognizes the broad scope of eBay's business activities: eBay "is in the business of developing, manufacturing, marketing, importing, distributing, leasing, selling and/or otherwise using, directly and indirectly, software and systems designed to enable consumers to buy and sell goods and services online, including through online auctions and other listings of items for sale." (*Id.* at ¶ 7.) Plainly, given the scope of eBay's activities, the lack of detail in Paid's allegations of indirect infringement and willfulness threatens to compromise eBay's ability to effectively defend this case.

### *Indirect Infringement*

The Complaint's allegations of indirect infringement are devoid of any specifics regarding eBay's conduct, and are bare of any specifics as to the third parties purportedly involved in direct infringement:

> 25.  To the extent eBay relies on vendors and/or customers [*which vendors? which customers?*] to perform any of the steps [*which steps?*] of the claimed methods [*the methods of which asserted patent claims?*], or to contribute any of the components [*what components?*] of the claimed systems [*the systems of which asserted claims?*], eBay induces [*by doing what?*] such performance and/or contribution on the part of its vendors and/or customers knowing [*how could eBay "know"?; even Paid does not allege that eBay knew of the patent*] that such actions will infringe one or more claims of the '357 Patent. eBay is therefore also liable as an indirect infringer under 35 U.S.C. § 271(b).
>
> 26.  On information and belief, by virtue of eBay's prior discussions with Paid about Paid's automated online shipping calculator [*is Paid contending that its calculator is covered by its patents? and even if it is-to what end?*], and its knowledge of Paid's original patent application [*an application that did not issue as any of the asserted patents*], eBay knew or should have known that its software, systems and online platform, including the shipping calculator, would directly or indirectly infringe one or more claims of the '357 Patent.
>
> 27. eBay has induced [*how?*], and continues to induce [*how?*], infringement of one or more claims [*which claims?*] of the '357 Patent by actively and knowingly aiding and abetting [*how? by what acts?*] a direct infringement [*whose direct infringement?*] of one or more claims [*which claims?*] of the '357 Patent, in

violation of 35 U.S.C. § 271(b), and will continue to do so unless enjoined by this Court.

(*See id.* at ¶¶ 25-27, 35-37, 45-47) (parentheticals added).

### *Willful Infringement*

Paid's Complaint also does not adequately allege willful infringement, but rather, seems to make bare-bones allegations that suggest Paid intends to plead willful infringement:

> 17. eBay declined to license Paid's shipping calculator technology. Nevertheless, in approximately June, 2003, eBay introduced its own automated, online shipping calculator that bore striking similarities to the one Paid had demonstrated to eBay over a year earlier.

(*See id.* at ¶ 17.) The remainder of the Complaint fails to make clear whether or not Paid is claiming that any alleged infringement was willful; notably, the word "willful" never appears anywhere in the Complaint.

Compounding these deficiencies, the Complaint does not specifically identify—whether by name or example—a particular eBay product that allegedly infringes (beyond vague references to "an online platform with an automated shipping calculator"), which of the 64 total claims of the patents-in-suit are allegedly infringed, or whether different products or uses allegedly infringe different claims.

Accordingly, Paid's allegations of indirect and willful infringement are nothing more than legal conclusions with little or no factual support. The Court should dismiss Paid's claims for indirect and willful infringement because the underlying allegations fall woefully short of establishing a plausible claim for either.

### III.  LEGAL STANDARDS

To satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a), a complaint must include a "statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the … claim is and the ground upon which it rests."

*Twombly*, 550 U.S. at 555. A complaint must make "a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556 n.3. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 557. As the Supreme Court has held, the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Accordingly, "only a complaint that states a ***plausible claim*** for relief survives a motion to dismiss." *Id.* at 679 (emphasis added).

A plaintiff, therefore, must provide sufficient "well-pleaded facts [to] permit the court to infer more than the mere possibility of misconduct." *Id.* Without such well-pleaded facts, a "complaint has alleged -- but has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). In short, Federal Rule of Civil Procedure 8(a) "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.

Consistent with *Twombly* and *Iqbal*, the First Circuit has approved a sequential analysis to evaluate a motion to dismiss for failure to state a claim upon which relief can be granted:

> Step one: isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements. Step two: take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief.

*See Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) (internal citations and quotations omitted); *see also Select Retrieval, LLC, v. Bulbs.com Inc.*, No. 12–10389–TSH, 2012 WL 6045942, at *1-2 (D. Mass. Dec. 4, 2013) (Hillman, J.) (citing *Schatz* for same). Under this rubric, Paid's claims for indirect and willful infringement fail to state a plausible claim for relief and are ripe for dismissal.

## IV. ARGUMENT

The Complaint's allegations of indirect infringement and willfulness against eBay fail to meet the pleading requirements set forth by the Supreme Court in *Twombly* and *Iqbal*.

### A. The Complaint Fails to State a Claim for Indirect Infringement

The Complaint's conclusory allegations that eBay has indirectly infringed the patents-in-suit warrant dismissal. (*See* Dkt. No. 1 at ¶¶ 25-27, 35-37, 45-47.) Paid's allegations of indirect infringement are nothing more than legal labels and conclusions, and merely rehash cause-of-action elements. *See Schatz*, 669 F.3d at 55. When these statements are isolated and ignored, what remains of Paid's Complaint is essentially nothing and falls far short of the facts required to support claims of active inducement and contributory infringement.

#### 1. The Complaint Fails to State a Claim for Inducement

To prove induced infringement under 35 U.S.C. § 271(b), Paid must establish at least three essential elements, all of which they have failed to adequately plead. First, Paid must show that one or more third parties, alone or in concert with eBay, have committed an act of direct infringement. *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1319-20 (Fed. Cir. 2012). Second, "induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global–Tech Appliances, Inc. v. SEB S.A.*, ––– U.S. –––, 131 S. Ct. 2060, 2068 (2011). Specifically, Paid must show either *actual* knowledge of the patents and the infringement, or Paid must show that eBay made themselves "willfully blind" to the knowledge that the induced acts constitute patent infringement. *Id.* at 2069. Third, Paid must show that eBay acted with specific intent to induce. *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). Paid's Complaint does not allege any facts in support of these three elements, and cannot, therefore, plausibly state a claim for induced infringement.

The Complaint's inducement allegation is nothing more than the exact kind of conclusory unsupported statement that *Schatz* instructs courts to ignore:

> 27.  eBay has induced, and continues to induce, infringement of one or more claims of the [the patents-in-suit] by actively and knowingly aiding and abetting a direct infringement of one or more claims of the [the patents-in-suit], in violation of 35 U.S.C. § 271(b), and will continue to do so unless enjoined by this Court.

(*See* Dkt. No. 1 at ¶¶ 27, 37, 47.)  This boilerplate and conclusory allegation does not state a claim for relief that is plausible on its face; the Complaint fails to offer any explanation for *how* eBay is inducing infringement, *who* eBay is inducing to infringe, and *how* any unidentified third party is participating in a direct infringement.  Applying the First Circuit's rubric, isolating and ignoring the legal boilerplate leaves nothing in Paid's allegation:

> 27. eBay ~~has induced, and continues to induce, infringement of one or more claims of the [the patents-in-suit] by actively and knowingly aiding and abetting a direct infringement of one or more claims of the [the patents-in-suit], in violation of 35 U.S.C. § 271(b), and will continue to do so unless enjoined by this Court~~.

The second step—taking the well-pled facts to be true—does nothing to salvage Paid's allegation, as there is no dispute that eBay is the party named as the defendant.  Given these bare-bones allegations, the inducement claims must be dismissed.  *See Massachusetts Inst. of Tech. v. Shire PLC*, No. 1:13-cv-10020-MLW, 2014 WL 404696, at *8 (D. Mass. Feb. 2, 2014) (dismissing inducement claim under *Twombly* and *Iqbal* where the allegations did "not qualify as 'non-conclusory, non-speculative' facts from which the court can draw reasonable inferences in the plaintiff's favor"); *see also Select Retrieval*, 2012 WL 6045942, at *5 (dismissing claims for indirect infringement where the "allegations [were] nothing more than legal conclusions with little or no factual support").

      **a.**      **Paid Has Failed to Plead Any Facts Showing that One or More Third Parties, Alone or in Concert with eBay, Have Infringed Any Asserted Claim of the Patents-in-Suit**

*First*, Paid's Complaint makes no allegation of facts surrounding any act of direct infringement that eBay allegedly induces.[2] For instance, the Complaint fails to identify any specific third party that eBay allegedly encourages or has encouraged to infringe. Instead, Paid only vaguely refers to "vendors and/or customers," and even then only "[t]o the extent eBay relies on" them "to perform any of the steps of the claimed methods, or to contribute any of the components of the claimed systems." (*See* Dkt. No. 1 at ¶¶ 25, 35, 45.) The Complaint also fails to identify any specific eBay product provided to or used by, or specific acts performed by, these unidentified "vendors and/or customers" that results in direct infringement of any claim of the patents-in-suit. The difficulty in determining what acts of these unidentified third parties are at issue is compounded by the Complaint's failure to identify which claims are allegedly indirectly infringed. It is virtually impossible for eBay to defend itself from charges of induced infringement when eBay has no understanding of whom they are allegedly inducing, and how those third parties are allegedly engaging in infringing conduct.

      **b.**      **Paid Has Failed to Plead Any Facts Showing That eBay Was Aware of the Patents-in-Suit**

*Second*, Paid has also not alleged facts that establish that eBay was even aware of the patents-in-suit prior to the filing of the current action. This is a foundational requirement of an indirect infringement claim. *See Global–Tech Appliances,* 131 S. Ct. at 2068. Instead, the

---

[2] It is black-letter law that a defendant cannot be found liable for indirect infringement unless the patentee can first show direct infringement. *See, e.g.*, *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 483 (1964) ("'[I]t is settled that if there is no direct infringement of a patent there can be no contributory infringement.'" (quoting *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341 (1961)); *Joy Techs, Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993) ("Liability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement.").

Complaint points to a patent application for a patent that is not even at issue in this case. The Complaint avers that eBay "has had actual knowledge of Paid's patent application [of March 25, 2002], at least since PayPal's application claims were rejected over Paid's patent application [in 2003]." (Dkt. No. 1 at ¶¶ 14, 18, 19.)

The patent application referenced by Paid relates to U.S. Patent No. 7,324,968, which is not asserted in this case. The '968 patent did not issue until January 29, 2008, years after the alleged meetings between eBay and Paid. Even if eBay was aware of Paid's March 2002 patent *application*, this is insufficient to constitute notice of the three patents-in-suit. *See McRee v. Goldman*, No. 11-cv-00991-LHK, 2012 WL 3745190, at *3 (N.D. Cal. Aug. 28, 2012) ("[M]ere knowledge of a pending patent application in 1994 does not give rise to liability for inducement under § 271(b)"); *Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. C 11-06638 RS, 2012 WL 1831543 at *3 (N.D. Cal. May 18, 2012) ("TIBCO's mere alleged awareness of the '864 patent application does not imply the requisite knowledge of the existence of the later-issued patent."). Further, while the patents-in-suit are related to the '968 patent, they did not issue for almost a decade after the last alleged communication between eBay and Paid.

Alternatively, Paid's Complaint relies on PayPal's alleged knowledge of Paid's March 2002 application to establish knowledge of the patents-in-suit by eBay. (*See* Dkt. No. 1 at ¶ 18-19.) PayPal is a subsidiary of eBay, but a wholly distinct corporate entity. Paid alleges that its patent application was referenced during prosecution of an unrelated PayPal patent application, and that reference somehow transmuted from PayPal's knowledge to eBay's. Regardless, this allegation legally fails to establish knowledge of the later-issued patents-in-suit—by either PayPal or eBay. Even assuming that PayPal had knowledge of the patents-in-suit based on the earlier Paid application, it is improper to impute such knowledge to eBay. *See, e.g.*, *Oy Ajat, Ltd.*

*v. Vatech Am., Inc.*, 10-4875 (PGS), 2011 WL 1458052, at *3 (D.N.J. Apr. 14, 2011) (refusing to pierce the corporate veil and holding that notice of alleged patent infringement by a subsidiary could not be imputed to a parent company).

Finally, Paid makes the conclusory statement that "eBay has had at least constructive notice" of the patents-in-suit since the time each issued. However, Paid neglects to assert any factual basis for such notice: Paid does not allege that eBay knew of the applications that resulted in the patents-in-suit, that eBay in any way monitored Paid's patent filings or received specific notice of Paid's issued patents, or that any industry condition would have made notice of the patents' issuance unavoidable to eBay. Instead, Paid merely contends that eBay "should have known" about the issuance of Paid's patents-in-suit but without any suggested link between the alleged 2002 meetings of the parties, and the applications for and issuance of the patents-in-suit years after communication between the parties ceased.

Paid has thus failed to allege sufficient facts showing that eBay had knowledge of any of the patents-in-suit.

      **c.**      **Paid Has Failed to Plead Any Facts Showing that eBay Intended to Induce Infringement**

***Third***, where a cause of action such as induced infringement requires the element of intent to be pled, the complaint must include "factual allegation[s] sufficient to plausibly suggest [the other party's] state of mind." *Iqbal*, 556 U.S. at 683. Here, the Complaint sets forth ***no*** factual allegations that eBay possessed the specific intent to induce infringement. *See Massachusetts Inst. of Tech.*, 2014 WL 404696, at *8 (dismissing inducement claim under *Twombly* and *Iqbal* where the allegations did not "adequately support the more demanding specific intent requirement for a finding of induced infringement"). The Complaint's mere conclusory allegation that eBay "actively and knowingly" induced a direct infringement (*see* Dkt.

No. 1 at ¶¶ 27, 37, 47) should be ignored by the Court. The Complaint fails to plead any facts that might plausibly establish eBay's intent to induce infringement of the patents-in-suit.

When the conclusory and bare-bones averments of induced infringement in Paid's Complaint are "isolate[d] and ignore[d]" (*see Schatz*, 669 F.3d at 55), what remains is a glaring absence of factual allegations. Based on its pleading, Paid cannot demonstrate that any of the three essential elements of inducement could be met. Thus, because the Complaint fails to satisfy the threshold pleading requirements to state a claim for induced infringement, Paid's inducement claim should be dismissed.

### 2. The Complaint Fails to State a Claim for Contributory Infringement

Paid's allegations of contributory infringement against eBay are also facially implausible. The Complaint provides only a generic allegation in the opening description of the action at hand:

> 2. This action for patent infringement involves eBay's manufacture, use, sale, offer for sale, lease, offer for lease, and/or importation, directly and indirectly, into the United States of infringing products, components, software, methods, processes, services, and systems that are primarily used or primarily adapted for use in online auctions and other sales of goods and services online. ***eBay's acts constitute*** direct, ***contributory*** and/or induced ***infringement*** of the '357 Patent, the '237 Patent and the '642 Patent.

(Dkt. No. 1 at ¶ 2 (emphasis added).) Nowhere in the Complaint does Paid provide a factual basis for a claim of contributory infringement, or even a direct reference to 35 U.S.C. § 271(c). Such incomplete allegations cannot meet the standards of *Twombly* and *Iqbal*, and should be completely rejected by the Court. Again, this is plain when the First Circuit's isolate-and-ignore analysis is applied to the allegation:

> 2. This action for patent infringement involves eBay's ~~manufacture, use, sale, offer for sale, lease, offer for lease, and/or importation, directly and indirectly, into the United States of infringing products, components, software, methods, processes, services, and systems~~ that are primarily used or primarily adapted for use in online auctions and other sales of goods and services online. ~~eBay's acts constitute direct, contributory and/or induced infringement of the '357 Patent, the '237 Patent and the '642 Patent~~.

From this, all that remains is that this is an action for patent infringement, and it involves something that is used in online auctions and sales. These facts cannot support a contributory infringement allegation as a matter of law.

To establish contributory infringement under 35 U.S.C. § 271(c), a patentee must establish that: (1) the alleged infringer sells, offers for sale, or imports a component for use in a patented process or device; (2) the component is a material part of the patented inventions; (3) the alleged infringer had knowledge that the component is especially designed for use in the patented inventions; and (4) the component is not a staple article of commerce suitable for substantial non-infringing use. *See* 35 U.S.C. § 271(c); *Ricoh Co. Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1337 (Fed. Cir. 2008). Paid's Complaint fails to address *any* of these essential elements or to state *any* facts in support of its conclusory allegations. Accordingly, the claim for contributory infringement should be dismissed.

### B. The Complaint's Willfulness Allegations Should Be Dismissed

It is unclear from the Complaint whether or not Paid claims that any alleged infringement was willful. To the extent the Complaint does allege willful direct infringement, it fails to plead any facts in support of such a claim and eBay moves to dismiss the allegation.

To establish willful infringement, a plaintiff must demonstrate infringement, as well as the following additional elements: (1) that there was an objectively high likelihood that the defendant's activities constituted infringement of a valid patent, and (2) either that the defendant subjectively knew of the risk of infringement, or that the risk of infringement was so obvious the defendant should have known of that risk. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (*en banc*). In other words, to plead willful infringement, a complaint must allege facts showing that the accused infringer recklessly disregarded the possibility that its

conduct was infringing. *Mitutoyo Corp. v. Central Purchasing, LLC*, 499 F.3d 1284, 1290 (Fed. Cir. 2007); *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985). Crucially, the complaint must allege facts showing a claim of willful infringement has evidentiary support. *See Seagate*, 497 F.3d at 1374 (citing Fed. R. Civ. P. 8(a), 11(b)) ("[W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement.").

Here, the Complaint contains no factual assertions to support a claim for willfulness. Rather, the Complaint attempts to make veiled allegations of copying or bad faith:

> 17. eBay declined to license Paid's shipping calculator technology. Nevertheless, in approximately June, 2003, eBay introduced its own automated, online shipping calculator that bore striking similarities to the one Paid had demonstrated to eBay over a year earlier.

(*See* Dkt. No. 1 at ¶ 17.) Moreover, the Complaint suggests that eBay knew or should have known that its systems would allegedly infringe:

> 26. On information and belief, by virtue of eBay's prior discussions with Paid about Paid's automated online shipping calculator, and its knowledge of Paid's original patent application, eBay knew or should have known that its software, systems and online platform, including the shipping calculator, would directly or indirectly infringe one or more claims of the '357 Patent.

(*Id.* at ¶ 26; *see also id.* at ¶¶ 36 & 46.) However, even if read together, these averments do not allege facts that, if taken as true, would demonstrate reckless disregard of infringement, and are therefore insufficient to meet the requisite standard for pleading willfulness. *See, e.g.*, *Select Retrieval*, 2012 WL 6045942, at *6 (dismissing claims for willful infringement where the "barebone, conclusory allegations fail to state a plausible claim for willful infringement"). Critically, as discussed above, eBay could not "have known that its software, systems and online platform … would directly or indirectly infringe" when it did not know of the patents-in-suit, and discussions between the parties about shipping calculators terminated almost a decade before the

MEMORANDUM IN SUPPORT OF DEFENDANT EBAY INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

12

first of the patents-in-suit even issued. Therefore, to the extent that the Complaint raises a claim for willful infringement, that claim should be dismissed.

## V.  CONCLUSION

For the foregoing reasons, eBay respectfully requests that the Court dismiss the allegations of indirect infringement and willful infringement in Paid's Complaint pursuant to Rule 12(b)(6).

Dated:  February 26, 2014	Respectfully submitted,

By:  *Stephen A. Marshall*
Stephen A. Marshall (BBO #666200)
smarshall@fr.com
Indranil Mukerji (BBO #644059)
mukerji@fr.com
FISH & RICHARDSON P.C.
1425 K Street, NW
Washington, DC 20005
Phone: 202-783-5070
Fax: 202-783-2331

Counsel for Defendant
EBAY INC.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I hereby certify that counsel for the parties conferred regarding the issues presented by this motion memorandum and attempted in good faith to resolve or narrow the issue, but a resolution was not reached and plaintiff's counsel intends to oppose this motion.

*/s/ Stephen A. Marshall*
Stephen A. Marshall

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this February 26, 2014.

*/s/ Stephen A. Marshall*
Stephen A. Marshall