**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

| | |
|---|---|
| **PAID, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 4:13-CV-40151 |
| ) | |
| **EBAY INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**PLAINTIFF PAID, INC.'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

I. Introduction ........................................................................................................................1

II. Factual Background ...........................................................................................................3

III. Legal Principles .................................................................................................................4

IV. Argument ...........................................................................................................................5

    A. Paid Has Sufficiently Pled Induced Infringement .....................................................5

        1. Paid Has Sufficiently Pled Acts of Direct Infringement .............................7

        2. Paid Sufficiently Pleads Knowledge ............................................................8

        3. Paid Has Sufficiently Pled Intent to Induce Infringement ........................11

V. Conclusion .......................................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Advanced Optical Tracking, LLC v. Koninklijke Philips N.V.*,
   No. 12-1292-LPS-CJB, 2013 U.S. Dist. LEXIS 127819 (D. Del. Sept. 9, 2013) ...................12

*Akamai Tech, Inc. v. Limelight Networks, Inc.*,
   692 F.3d 1301 (Fed. Cir. 2012).................................................................................5, 6, 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...............................................................................................................4

*Bell Atlantic v. Twombly*,
   550 U.S. 544 (2007).........................................................................................................2, 4

*E.I. Du Pont De Nemours and Co. v. Heraeus Holding GMBH*,
   No. 11–773–SLR–CJB, 2012 WL 4511258 (D. Del. Sept. 28, 2012)......................................9

*Erickson v. Pardus*,
   551 U.S. 89 (2007).................................................................................................................4

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   131 S. Ct. 2060 (2011)...........................................................................................................6

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012)................................................................................6, 7, 8, 10

*InMotion Imagery Techs. v. Brain Damage Films*,
   No. 2:11-CV-414-JRG, 2012 WL 3283371 (E.D. Tex. Aug. 10, 2012)...................................9

*Intellect Wireless Inc. v. Sharp Corp.*,
   No. 10 C 6763, 2012 WL 787051 (N.D. Ill. Mar. 9, 2012) .....................................................8

*Mallinckrodt, Inc. v. E–Z–Em Inc.*,
   670 F. Supp. 2d 349 (D. Del. 2009)........................................................................................9

*McZeal v. Sprint Nextel Corp.*,
   501 F.3d 1354 (Fed. Cir. 2007)...............................................................................................4

*Nat'l Presto Indus., Inc. v. West Bend Co.*,
   76 F.3d 1185 (Fed. Cir. 1996).................................................................................................6

*ParkerVision, Inc. v. Qualcomm Inc.*,
   No. 3:11-cv-719-J-37TEM, 2013 U.S. Dist. LEXIS 44556
   (M.D. Fla. Mar. 28, 2013)........................................................................................6, 10, 11

*Proxyconn Inc. v. Microsoft Corp.*,
  No. SACV 11-1681-DOC(ANx), 2012 WL 1835680 (C.D. Cal. May 16, 2012) ..................... 9

*Schatz v. Republican State Leadership Comm.*,
  669 F.3d 50 (1st Cir. 2012) ............................................................................................... 4

*Select Retrieval, LLC v. Bulbs.com*,
  No. 12-10389-TSH, 2012 U.S. Dist. LEXIS 171814 (D. Mass. Dec. 4, 2012)
  (Hillman, J.) ............................................................................................................. 9, 12

*SoftView, LLC v. Apple Inc.*,
  No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) .......................................... 9

*Symantec Corp. v. Veeam Software Corp.*,
  No. C 12–00700 SI, 2012 WL 1965832 (N.D. Cal. May 31, 2012) ................................. 9

*Titanide Ventures, LLC v. IBM Corp.*,
  No. 12-CV-196, 2012 U.S. Dist. LEXIS 163430 (E.D. Tex. Oct. 18, 2012) .................. 10

*Trading Techs. Intern., Inc. v. BCG Partners, Inc.*,
  No. 10 C 715 (et al.), 2011 WL 3946581 (N.D. Ill. Sept. 2, 2011) .................................. 9

*Xpoint Technologies, Inc. v. Microsoft Corp.*,
  730 F. Supp. 2d 349 (D. Del. 2010) ................................................................................. 9

*Zond, Inc. v. SK Hynix Inc.*,
  No. 13-11591-RGS, 2014 WL 346008 (D. Mass. Jan. 31, 2014) ................................ 8, 11

**STATUTES**

35 U.S.C. § 271(b) ............................................................................... 2, 5, 7, 11, 12, 13

**OTHER AUTHORITIES**

Form 18 of the Federal Rules of Civil Procedure ................................................................. 7

Federal Rule of Civil Procedure 9(b) .................................................................................... 6

Federal Rule of Civil Procedure 12(b)(6) ............................................................................. 1

Federal Rule of Civil Procedure 15(a)(1)(B) ........................................................................ 2

Plaintiff Paid, Inc. submits this Memorandum In Opposition to Defendant eBay, Inc.'s Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(6) ("Motion") (Dkt. No. 25).

## I.  INTRODUCTION

The Court should deny eBay's motion to dismiss. As an initial matter, Paid has not pled willful or contributory infringement, and thus eBay's arguments on these points are moot. As for Paid's allegations of induced infringement, eBay would have this Court impose a heightened pleading standard for this claim, where other courts have consistently refused. There is no support for eBay's claims that Paid's allegations of induced infringement are speculative or implausible. On the contrary, the allegations in Paid's Complaint are of the kind that courts have consistently found sufficient to state a claim when taken as true and when all reasonable inferences are properly drawn in Paid's favor.

Specifically, Paid's Complaint clearly sets forth the facts showing eBay's knowledge of the patents and its intent to cause infringement. With respect to knowledge, the Complaint discusses Paid's disclosure of its online shipping calculator to eBay in mid-2002, Paid's use of its calculator on eBay's website for other sellers, eBay's refusal to take a license from Paid, and eBay's subsequent introduction of a copycat online calculator. Dkt. No. 1 at ¶¶ 11-17. The Complaint further alleges that eBay's wholly-owned subsidiary, PayPal, had actual knowledge of Paid's parent patent application in 2003 when its own claims to an online shipping calculator were rejected in view of Paid's earlier-filed application. *Id.* at ¶¶ 11-18. These facts plausibly establish that "eBay had actual knowledge of Paid's online shipping calculator since at least 2001 … [and] has had actual knowledge of Paid's patent application, at least since PayPal's application claims were rejected over Paid's patent application." *Id.* at ¶ 19.

As for intent to cause infringement, the Complaint plausibly alleges that eBay specifically induced its vendors and/or customers to infringe the patent knowing that such activities constituted infringement:

> To the extent eBay relies on vendors and/or customers to perform any of the steps of the claimed methods, or to contribute any of the components of the claimed systems, *eBay induces such performance and/or contribution on the part of its vendors and/or customers knowing that such actions will infringe one or more claims [of the patents-in-suit] under 35 U.S.C. § 271(b).*

*Id*. at ¶¶ 25, 35, 45 (emphasis added).  eBay complains that Paid has failed to identify any *specific* vendors and/or customers.  But that is not required at this stage.  The specific identities of eBay's vendors and customers will be learned in discovery.  To avoid a motion to dismiss, Paid need only raise a plausible case that could lead to a finding of liability.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007).  Paid's Complaint does this.

Finally, even if there were any merit to eBay's assertions that the Complaint fails to "provide any notice to eBay as to the gravamen of its accusations," Paid has remedied any such deficiency by filing cotemporaneous with this memorandum a First Amended Complaint for Patent Infringement ("Amended Complaint").  The Amended Complaint, which Paid is filing as a matter of course under FRCP 15(a)(1)(B), supplements the allegations contained in the Complaint with additional allegations relating to eBay's knowledge of the patents-in-suit and its specific acts intended to cause others to infringe.  Specifically, the Amended Complaint alleges that eBay was notified of Paid's original three patents (and a recently-issued fourth patent that Paid is adding to the Amended Complaint) via a Notice Letter dated March 11, 2014.  In addition, the Amended Complaint identifies specific activities—including instructing, encouraging, enabling, and/or coordinating with third parties to perform one or more of the patented steps or operations—that gives rise to liability for indirect infringement.

2

Accordingly, eBay's motion to dismiss should be denied and Paid should be allowed to pursue discovery on its induced infringement claims based on its well-pled Amended Complaint.

**II.  FACTUAL BACKGROUND**

Paid is a Massachusetts company that in the early 2000s developed an online calculator for facilitating advance, rapid, accurate shipping estimates of shipping costs in ecommerce transactions.  *See* Dkt. No. 1 at ¶ 11.  At that time, eBay had become the dominant online auction platform in the market, connecting buyers and sellers at different locations for a wide array of goods and services.  *Id*. at ¶ 12.  Shipping was a significant concern for eBay as shipping costs and arrangements created significant delays and additional expense for eBay's customers. eBay's platform had no automated shipping calculators, leaving it to individual buyers and sellers to determine shipping costs and other "incidental" charges associated with a transaction. These shipping concerns were among the most common complaints by eBay's customers.  *Id*. at ¶ 13.

After developing its online shipping calculator, Paid was able in late 2001 to use an early version of the calculator through embedded forms in online auction listings.  *Id*. at ¶ 14.  Around that same time, Paid discussed its novel automatic shipping calculator with eBay, which had expressed interest in possibly licensing the technology.  *Id*. at ¶ 15.  eBay's representative told Paid that a checkout function including an automated shipping calculator was a high priority for eBay.  *Id*.  Thus, in or about December 2001, Paid demonstrated its online shipping calculator for eBay personnel, with a follow-up in early 2002.  *Id*. at ¶ 15.

On March 25, 2002, Paid filed for a patent on its online shipping calculator.  *Id*. at ¶ 14. This application is the "parent" application of the patents-in-suit.  By mid-2002, Paid began offering its online shipping calculator in connection with its own auctions on eBay's website, and subsequently offered the technology for use by other merchants and online sellers, including

3

sellers on eBay's platform. *Id*. at ¶ 16.  Although eBay declined to license Paid's shipping calculator technology, in approximately June of 2003 eBay introduced its own automated, online shipping calculator strikingly similar to the one Paid had shown it over a year earlier. *Id*. at ¶ 17. Also, in 2003, PayPal, wholly-owned subsidiary of eBay, filed its own patent application for an online shipping calculator.  PayPal's application claims, however, were rejected as unpatentable in view of Paid's earlier-filed patent application. *Id*. at ¶ 18.

### III.   LEGAL PRINCIPLES

To survive a motion to dismiss, the complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." *Id*. at 555.  Specific facts, however, are not necessary. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  The factual allegations must simply state a facially plausible claim from which the Court may draw a reasonable inference that the defendant is liable for the misconduct that is alleged. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  In the First Circuit,[1] the proper procedure for assessing the sufficiency of a complaint is: (1) "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements"; and (2) "take the complaint's well-pled ( i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012).

---

1 Because it raises a purely procedural issue, a motion to dismiss for failure to state a claim upon which relief can be granted is reviewed under the applicable law of the regional circuit. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007).

**IV.     ARGUMENT**

eBay's Motion seeks to dismiss Paid's allegations of indirect infringement (contributory and induced) and willful infringement.  As an initial matter, Paid has not pled contributory infringement or willfulness, and thus eBay's arguments on this point are moot.  Moreover, Paid's allegations of induced infringement are well-pled, that is, they plausibly establish that eBay had knowledge of Paid's patents and the requisite intent to cause another (i.e., a vendor, customer, and/or user) to infringe.  In any event, Paid is filing contemporaneously with this memorandum an Amended Complaint that includes additional allegations relating to eBay's induced infringement liability.  Though the original Complaint alleged facts sufficient to plausibly establish the necessary elements of indirect infringement, Paid's Amended Complaint remedies any alleged deficiencies in its original Complaint, thereby mooting eBay's arguments.

### A.     Paid Has Sufficiently Pled Induced Infringement

The induced infringement provision of the Patent Act, 35 U.S.C. § 271(b), provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer."  Section 271(b) thus extends liability to a party who advises, encourages, or otherwise induces others to engage in infringing conduct.  *Akamai Tech, Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1307-08 (Fed. Cir. 2012).  As such, it "is well-suited" to address the situation posed in this case, where a party like eBay may be inducing third parties, such as vendors, customers and/or users, to perform one or more steps of the claimed methods or systems—in other words, where the infringing conduct may be "split among more than one other entity."[2]  *Id*. at 1308.

---

[2] Paid cannot tell from publicly-available sources whether eBay in fact utilizes third parties to perform one or more steps of the claimed systems and methods.  That is why discovery on this issue is so critical.  To the extent eBay does rely on one or more third parties in this way, it is clearly liable for induced infringement.  *See generally*, *Akamai*, 692 F.3d 1301.

5

Unlike direct infringement, induced infringement is not a strict liability tort; it requires that the accused inducer act with knowledge that the induced acts constitute patent infringement. *See Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S. Ct. 2060, 2068 (2011). On the other hand, inducement does not require that the induced party be an agent of the inducer or be acting under the inducer's direction or control to such an extent that the act of the induced party can be attributed to the inducer as a direct infringer. It is enough that the inducer "causes, urges, encourages, or aids the infringing conduct and that the induced conduct is carried out." *Akamai*, 692 F.3d at 1308 (internal quotations omitted); *see also Nat'l Presto Indus., Inc. v. West Bend Co.,* 76 F.3d 1185, 1196 (Fed. Cir. 1996) (analogizing inducement to aiding and abetting violations of criminal laws).

To survive a motion to dismiss an allegation of induced infringement, the complaint must allege facts plausibly showing: (1) knowledge that the acts induced constituted infringement; and (2) specific intent to induce infringement. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). However, knowledge and intent may be averred generally and do not require special pleading. *ParkerVision, Inc. v. Qualcomm Inc.*, No. 3:11-cv-719-J-37TEM, 2013 WL 1277894, at *10 n.2 (M.D. Fla. Mar. 28, 2013) (denying defendants' motion to dismiss "because Federal Rule of Civil Procedure 9(b) permits a plaintiff to allege generally conditions of mind such as malice, intent, and knowledge."). Where, as here, a plaintiff alleges knowledge of the patents, knowledge of the accused methods and systems that infringe, the identify of third parties (e.g., vendors, customers and/or users) that are being instructed and/or encouraged to perform one or more of the steps of the claimed methods and systems, and actions by which the defendant induced those acts, the defendant's motion should be denied.

### 1. Paid Has Sufficiently Pled Acts of Direct Infringement

Liability for indirect infringement requires direct infringement by a third party. *Bill of Lading*, 681 F.3d at 1333. A complaint adequately pleads the direct infringement element of indirect infringement if it meets the requirements of Form 18 of the Federal Rules of Civil Procedure. *Id*. at 1333-34. Under Form 18, a complaint sufficiently pleads direct infringement of a patent if it identifies who infringes the patents, and what activities the plaintiff believes constitute infringement. *Bill of Lading*, 681 F.3d. at 1335.

eBay's allegations of direct infringement by third parties complies with Form 18 because it identifies the infringing third parties and the acts of direct infringement. Specifically, the Complaint alleges that "eBay makes, has made, uses, has used, sells, offers to sell, licenses, leases, offers to lease, imports into the United States, distributes, and/or otherwise provides software and systems through its online platform that enable consumers to buy and sell goods and services online, including through auctions and other listings of items for sale." Dkt. No. 1 at ¶ 22. The Complaint further alleges that, "[t]o the extent eBay relies on vendors and/or customers to perform any of the steps of the claimed methods, or to contribute any of the components of the claimed systems, eBay intentionally induces such performance knowing that such actions will infringe one or more claims" of the patents. *Id*. at ¶¶ 25, 35, 35. Moreover, Paid's Amended Complaint, filed contemporaneously with this memorandum, adds:

> By way of example, to the extent eBay instructs, encourages, enables, and/or coordinates with third parties to host and/or support any of the databases or engines recited in the patent claims, or to provide or operate software, applications and/or other systems that make or assist in any of the determinations or calculations recited in the patent claims, such activity constitutes induced infringement under 35 U.S.C. § 271(b). Similarly, to the extent eBay instructs, encourages, enables, and/or coordinates with a third party (e.g., a customer and/or user of its website) to perform one or more of the steps of the patent claims, such activity constitutes induced infringement under 35 U.S.C. § 271(b).

Amended Complaint, ¶ 28.

Accordingly, to the extent the infringing conduct is split among more than one other entity, Paid has alleged that the direct infringers are eBay and its vendors, customers, and/or users whom eBay instructs, encourages, enables, and/or coordinates with to perform one or more of the steps of the patent claims. These actions by eBay and its vendors, customers, and/or users constitute indirect infringement. *Akamai*, 692 F.3d at 1318-19.

eBay incorrectly argues that Paid must identify specific eBay vendors and/or customers. Motion at 7. But the Federal Circuit has clearly held that a plaintiff is not required to identify specific direct infringers. *See Bill of Lading*, 681 F.3d at 1336 ("To state a claim for indirect infringement, a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists."). Indeed, eBay can hardly complain that Paid has not identified specific vendors and/or customers when Paid has not obtained any discovery from eBay thus far. Certainly eBay knows who it instructs, encourages, enables, and/or coordinates with to perform one or more of the steps of Paid's patent claims. In any event, identification of specific vendors and/or customers is not required at this stage. To avoid a motion to dismiss, Paid need only raise a plausible case that could lead to a finding of liability. *Twombly*, 550 U.S., 557. Paid has done this.

### 2. Paid Sufficiently Pleads Knowledge

eBay argues that the Complaint fails to plead any facts showing that eBay had pre-suit knowledge of the patents. Motion at 7-9. As an initial matter, "[a] majority of the lower courts that have opined on the subject have held that a plaintiff may state a cause of action for indirect infringement limited to a defendant's post-litigation conduct by pleading knowledge of the patents-in-suit as of the date of the filing of the complaint."[3] *Zond, Inc. v. SK Hynix Inc.,* No. 13-

---

[3] *See, e.g., Intellect Wireless Inc. v. Sharp Corp.,* No. 10 C 6763, 2012 WL 787051, at *11 (N.D. Ill. Mar. 9, 2012) ("Defendants' knowledge of the patent as of the time of the suit's

8

11591-RGS, 2014 WL 346008, at *3 (D. Mass. Jan. 31, 2014). "The reasoning of the majority is that a defendant who continues to promote infringing uses of a plaintiff's products after learning about the patent should not escape liability simply because it happened to learn of the patent in connection with a lawsuit." *Id*. (internal quotations and citation omitted). Thus, under the majority view, Paid had no obligation to plead pre-suit knowledge of the patents.

Paid recognizes, however, that "a minority of courts have concluded that knowledge obtained only after the filing of a complaint is not sufficient to support a claim of indirect infringement," reasoning that an allegation of post-suit knowledge is merely "an attempt to bootstrap the knowledge Defendants now have based on Plaintiff's filing of the Complaint onto Defendant's acts before Plaintiff filed its complaint."[4] *Id*. (internal quotations and citation omitted); *see also Select Retrieval, LLC v. Bulbs.com*, No. 12-10389-TSH, 2012 U.S. Dist.

---

commencement can satisfy the knowledge requirement for conduct that post-dates the date of the complaint"); *Trading Techs. Intern., Inc. v. BCG Partners, Inc.,* No. 10 C 715 (et al.), 2011 WL 3946581, at *4 (N.D. Ill. Sept. 2, 2011) ("The Court believes the Groupon approach [finding defendant's knowledge as of the filing of the complaint sufficient to claim indirect infringement] is the more practical one, assuming the plaintiff can plead that the defendant continues to sell its infringing product"); *SoftView, LLC v. Apple Inc.,* No. 10-389-LPS, 2012 WL 3061027, at *7 (D. Del. July 26, 2012) ("On balance, the Court agrees with SoftView's position that the filing of a complaint is sufficient to provide knowledge of the patents-in-suit for purposes of stating a claim for indirect infringement occurring after the filing date"); *E.I. Du Pont De Nemours and Co. v. Heraeus Holding GMBH,* No. 11-773-SLR-CJB, 2012 WL 4511258, at *6 (D. Del. Sept. 28, 2012) ("[W]hen it comes to knowledge of the patent-at-issue, a plaintiff's filing (and a defendant's receipt) of the complaint are facts that establish such knowledge-at least as of the date of the filing "); *InMotion Imagery Techs. v. Brain Damage Films*, No. 2:11-CV-414-JRG, 2012 WL 3283371, at *3 (E.D. Tex. Aug. 10, 2012) ("Failing to allege pre-suit knowledge of the patent is not a basis to dismiss [Plaintiff's] indirect infringement claims"); *Symantec Corp. v. Veeam Software Corp.,* No. C 12-00700 SI, 2012 WL 1965832, at *4 (N.D. Cal. May 31, 2012) ("The Court finds that plaintiff has adequately pled knowledge of alleged infringement as of the date of the complaint…")

[4] *See, e.g., Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681-DOC(ANx), 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012); *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010); *Mallinckrodt, Inc. v. E–Z–Em Inc.*, 670 F. Supp. 2d 349, 354 n. 1 (D. Del. 2009).

LEXIS 171814 (D. Mass. Dec. 4, 2012) (Hillman, J.). But even under this view, Paid's Complaint contains more than the minimum required general allegations of knowledge. Indeed, the Complaint recites specific factual allegations of pre-suit knowledge, including: (i) eBay's licensing discussions with Paid in late 2001/early 2002 regarding Paid's novel shipping calculator; (ii) Paid's use of its shipping calculator with other merchants on eBay's website; and (iii) the notice provided to PayPal, a wholly-owned subsidiary of eBay, that its proposed patent claims to an online shipping calculator were unpatentable in view of Paid's parent patent application. Dkt. No. 1, ¶¶ 15-19. eBay's protestation that such allegations are insufficient is at odds with the applicable law.

For example, in *ParkerVision, Inc. v. Qualcomm Inc.*, No. 3:11-cv-719-J-37TEM, 2013 WL 1277894 (M.D. Fla. Mar. 28, 2013), the complaint alleged merely that the defendant designed and manufactured products covered by the patents, that the defendant knew of the patents, and that the products, when used in the manner intended, infringed the claims of the asserted patents. The court held that "one may plausibly infer from these allegations that Qualcomm knew of the direct infringement of its customers and the users of its circuits." 2013 U.S. Dist. LEXIS 44556 at *9. Similarly, in *Titanide Ventures, LLC v. IBM Corp.*, No. 12-CV-196, 2012 WL 5507327, at *10-12 (E.D. Tex. Oct. 18, 2012), the court found that merely pleading knowledge of the asserted patent through its citation by the United States Patent and Trademark Office during the prosecution of one of defendant IBM's patents, was enough to satisfy *Bill of Lading's* pleading standard for the knowledge element of induced infringement.

Finally, even if Paid's allegations in the original Complaint fail to allege facts showing that eBay had knowledge of the patents, Paid has remedied that in its Amended Complaint, filed contemporaneously herewith. The Amended Complaint supplements the allegations in the

original Complaint with additional allegations relating to eBay's actual knowledge of the patents. Specifically, Paid's Amended Complaint alleges that Paid issued press releases in industry publications following issuance of each of the patents-in-suit, and that eBay knew or should have known of those publications. Amended Complaint at ¶ 20. The Amended Complaint further alleges that eBay was notified of Paid's original three patents (and a recently-issued fourth patent that Paid is adding to the Amended Complaint) via a Notice Letter dated March 11, 2014. *See* Amended Complaint, ¶ 22, Ex. A attached thereto. Accordingly, eBay cannot now be heard to argue that it lacked sufficient knowledge of the patents. *See Zond, Inc.*, 2014 WL 346008 at *3 (holding "that pleading actual knowledge as of the date of the filing of the original complaint sufficiently states a claim for induced infringement, but only in a later amended complaint," and only "going forward from the date the lawsuits were filed.").

### 3. Paid Has Sufficiently Pled Intent to Induce Infringement

As with knowledge, intent to induce infringement may be averred generally. *ParkerVision,* 2013 WL 1277894, at *10 n.2. And like the knowledge allegations, Paid alleges specific facts supporting its pleading of intent to infringe, including that

> To the extent eBay relies on vendors and/or customers to perform any of the steps of the claimed methods, or to contribute any of the components of the claimed systems, ***eBay induces such performance and/or contribution on the part of its vendors and/or customers knowing that such actions will infringe one or more claims [of the patents-in-suit] under 35 U.S.C. § 271(b).***

Dkt No. 1 at ¶¶ 25, 35, 45 (emphasis added). Moreover, Paid's Amended Complaint adds:

> By way of example, to the extent eBay instructs, encourages, enables, and/or coordinates with third parties (e.g., vendors) to host and/or support any of the databases or engines recited in the patent claims, or to provide or operate software, applications and/or other systems that make or assist in any of the determinations or calculations recited in the patent claims, such activity constitutes induced infringement under 35 U.S.C. § 271(b). Similarly, to the extent eBay instructs, encourages, enables, and/or coordinates with a third party (e.g., a customer and/or user of its website) to perform one or more of the steps of

11

> the patent claims, such activity constitutes induced infringement under 35 U.S.C. § 271(b).
>
> \* \* \*
>
> Moreover, to the extent eBay relies on third parties (e.g., vendors, customers, and/or users) to perform any of the steps of the patent claims, and continues to contract, instruct, encourage, enable, and/or coordinate with these third parties in the manner discussed in the preceding paragraph after receipt of the original Complaint and March 11 notice letter, eBay specifically and knowingly intends to induce those third parties to act in a manner that infringes the [patents-in-suit].

Amended Complaint at ¶¶ 28-29; *see also* ¶¶ 37-38, 46-47, 55-56. Put together, these allegations support a reasonable inference that eBay instructs, encourages, enables, and/or coordinates with a third party to perform one or more of the steps of the claimed methods and systems with the specific intent to induce that third party to act in a manner that infringes the patents.

Nothing more is required at this stage of the case. In *Advanced Optical*, the court emphasized that a plaintiff, "need simply assert enough facts to provide [a defendant] with fair notice of facially plausible claims." *Advanced Optical Tracking, LLC v. Koninklijke Philips N.V.*, No. 12-1292-LPS-CJB, 2013 WL 4786463, *5 (D. Del. Sept. 9, 2013). The court found sufficient allegations that the defendants continued to require their suppliers, distributors, and resellers to perform under manufacturing, supply and distribution agreements with respect to the accused products with knowledge that the accused products infringed the asserted patents. *Id*. at *1-*3. Paid's intent allegations here are similar, alleging that eBay has actual notice of the patents and actively instructs, encourages, enables, and/or coordinates its vendors, customers, and/or users to infringe the patents. Thus, Paid's allegations are sufficient.

eBay's cited cases do not compel a different conclusion. In *Select Retrieval, LLC v. Bulbs.com*, this Court dismissed the induced infringement claims because the complaint contained "nothing more than legal conclusions with little or no factual support." No. 12-10389-TSH, 2012 U.S. Dist. LEXIS 171814, at *16 (D. Mass. Dec. 4, 2012) (Hillman, J.). Indeed, the

complaint in *Bulbs.com* contained far fewer facts than alleged by Paid here. The "sum total" of the induced infringement claim in the Bulbs.com complaint was as follows:

> Bulbs.com has induced and continues to induce others to infringe the '617 Patent under 35 U.S.C. §271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including but not limited to customers and users of its website(s), whose use of such services and products constitutes direct infringement of the '617 Patent.

*Id*. The *Bulbs.com* complaint did not contain the kinds of knowledge and inducement allegations that Paid has made, particularly in its Amended Complaint.

## V.  CONCLUSION

Paid's Complaint sets forth far more than barebones and mere conclusory allegations. It specifically alleges facts plausibly demonstrating eBay's knowledge of the patents-in-suit and its intent to induce any third parties who contribute to the operation of eBay's automated shipping calculator. Moreover, Paid's Amended Complaint cures and moots any purported deficiencies in the original Complaint. Accordingly, Paid respectfully requests that the Court deny eBay's motion to dismiss the claims of indirect infringement.

[Signature on the following page]

Dated:  March 12, 2014         /s/ Leonard Charles Suchyta
Leonard Charles Suchyta
Massachusetts Bar No. 547798
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue NW
Washington, DC 21500
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
lsuchyta@hunton.com

Gregory N. Stillman
*Admitted* pro hac vice
HUNTON & WILLIAMS, LLP
500 East Main, Suite 1000
Norfolk, Virginia 23510-3889
Telephone: (757) 640-5300
Facsimile: (757) 625-7720
gstillman@hunton.com

Bradley W. Grout
*Admitted* pro hac vice
David A. Kelly
*Admitted* pro hac vice
James D. Humphries, IV
*Admitted* pro hac vice
HUNTON & WILLIAMS, LLP
600 Peachtree Street, N.E., Ste. 4100
Atlanta, Georgia 30308-2216
Telephone: (404) 888-4000
Facsimile: (404) 888-4190
bgrout@hunton.com
dkelly@hunton.com
jhumphries@hunton.com

Michael A. O'Shea
*Admitted* pro hac vice
HUNTON & WILLIAMS LLP
2200 Pennsylvania Avenue NW
Washington, DC 21500
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
moshea@hunton.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing **Plaintiff Paid, Inc.'s Memorandum in Opposition to Defendant's Motion to Dismiss** was electronically filed with the Court this 12th day of March 2014.

    Stephen A. Marshall
    FISH & RICHARDSON P.C.
    1425 K Street, NW
    Washington, DC 20005
    Phone: 202-783-5070
    Fax: 202-783-2331


    /s/ Leonard Charles Suchyta
    Leonard Charles Suchyta